IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  12-mj-3046 |
| | ) | |
| RUSSELL SCHUETZ, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on Defendant Russell Shuetz's Motion for Revocation of Detention Order (d/e 11) (Motion), which United States Magistrate Judge Byron G. Cudmore has construed as a notice of appeal from the order of detention issued on July 18, 2012, and referred to this Court for ruling.  The Court has reviewed the electronic recordings of the July 11, 2012 detention hearing and the July 13, 2012 hearing on Defendant's Motion for Emergency Relief (d/e 5) before Judge Cudmore, the order of detention, and all of the Parties' briefing on the relevant issue.  After consideration of the foregoing and for the reasons

set forth below, Defendant's Motion is DENIED. This Court orders that Defendant remain held without bond.

## I. FACTS AND BACKGROUND

On July 10, 2012, a Complaint was filed against Defendant along with an Affidavit in Support of Criminal Complaint. See d/e 1. The Complaint charges Defendant with violating 18 U.S.C. § 1470 by using interstate or foreign commerce to knowingly transfer obscene matter to an individual under the age of 16 years, knowing that the individual has not attained the age of 16 years.

The Affidavit in Support of Criminal Complaint alleges that on January 10, 2012, and April 13, 2012, Defendant engaged in sexually explicit chats via Yahoo's instant messaging system. During these chats, Defendant sent videos of himself masturbating to a person he believed to be a 14-year old girl. In both cases, the recipient was an undercover law enforcement officer who was holding himself out as a 14-year old girl.

The Affidavit in Support of Criminal Complaint also indicates Defendant admitted he had engaged in sexually explicit chats with, and

transmitted images of himself masturbating to, several individuals he believed were under 16 years old.  Defendant acknowledged engaging in this activity for at least 10 years, and as recently as July 9, 2012.  Finally, Defendant stated to law enforcement that they would find child pornography on his laptop computer that he had received via Yahoo Messenger.

At Defendant's July 10, 2012, initial appearance, the Government moved for detention and moved for a brief continuance.  The detention hearing was held on July 2012.  Judge Cudmore ordered Defendant detained based upon a finding of dangerousness pursuant to the Bail Reform Act, Title 18 U.S.C. § 3142(f)(1)(E).

On July 13, 2012, Defendant filed a Motion for Emergency Relief (d/e 5), in which he argued that the relevant language of the Bail Reform Act does not authorize detention in this case because the relevant provision only authorizes the Government to move for detention if the crime charged "involves a minor victim."  See 18 U.S.C. § 3142(f)(1)(E).  Defendant argued that there was no "minor victim" because Defendant

sent pictures of himself to law enforcement officers pretending to be minors. Judge Cudmore held a hearing on the Motion for Emergency Relief that same day at which he heard the Parties' arguments and took the motion under advisement.

On July 18, 2012, Defendant filed the instant Motion. As stated, Judge Cudmore construed the Motion as a notice of appeal of his detention order and referred the appeal to this Court for ruling. The Motion is fully briefed and ready for ruling.

## II.  ANALYSIS

Once a defendant has been ordered detained by a magistrate judge, 18 U.S.C. § 3145 permits the defendant to file a motion seeking revocation or amendment of the detention order. See 18 U.S.C. § 3145. "This [C]ourt considers the issue of detention de novo." United States v. Francis, 2001 WL 899635, at *1 (S.D. Ind. 2001) (citations omitted). The district court "must make an independent determination of the proper pretrial detention or conditions for release." United States v. Troup, 2012 WL 1301244, at *1 (N.D. Ind. 2012).

In 2006, Congress enacted the Adam Walsh Child Protection and Safety Act (Adam Walsh Act) (Pub.L. No. 109-248, Title II, § 216, 109 Stat. 587 (July 27, 2006)).  The Adam Walsh Act added the phrase "involves a minor victim" to several subsections of § 3142 of the Bail Reform Act (18 U.S.C. § 3142).  See 18 U.S.C. §§ 3142(c)(1)(B) (requiring electronic monitoring as a minimum condition of pretrial release "[i]n any case that involves a minor victim" and involves an enumerated offense); 18 U.S. § 3142(f)(1)(E) (allowing the Government to seek the detention of a defendant in a case that involves "any felony that is not otherwise a crime of violence that involves a minor victim"); 18 U.S.C. § 3142(g)(1) (in determining whether there are conditions of release that assure the appearance of the defendant and the safety of the community, the court shall take into account "the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim").  While not amended by the Adam Walsh Act, § 3142(e)(3) provides a statutory presumption in favor of detention if there is probable cause to believe the defendant committed "an offense

involving a minor victim" under certain enumerated sections of Title 18.

This case involves 18 U.S.C. § 3142(f)(1)(E) and the issue is whether detention is available under that section. As is relevant here, § 3142(f)(1)(E) of the Bail Reform Act states that the Government may seek detention in a case that involves "any felony that is not otherwise a crime of violence <u>that</u> <u>involves</u> <u>a</u> <u>minor</u> <u>victim</u>." 18 U.S.C. § 3142(f)(1)(E) (emphasis added.).

Defendant argues § 3142(f)(1)(E) of the Bail Reform Act does not authorize the Government to seek detention in this case because the offense charged does not involve a "minor victim" since it was a law enforcement officer posing as a minor, rather than an actual minor, who received the obscene videos sent by Defendant during the internet chats. The Government argues the crime Defendant is charged with is a crime "that involves a minor victim" and, therefore, a motion for detention is authorized under § 3142(f)(1)(E).

This Court has found no caselaw interpreting the phrase "involves a minor victim" as used in § 3142(f)(1)(E). However, as Judge Cudmore

stated in his Opinion of July 18, 2012, two courts have interpreted the meaning of the phrase "crime that involves a minor victim" as used in § 3142(c)(1)(B) of the Bail Reform Act.  See United States v. Rizzuti, 611 F. Supp. 2d 967 (E.D. Mo. 2009); contra United States v. Kahn, 524 F. Supp. 2d 1278 (W.D. Wash. 2007).  Section 3142(c)(1)(B) requires electronic monitoring as a minimum condition of pretrial release "[i]n any case that involves a minor victim" where the defendant is charged with certain enumerated offenses.  18 U.S.C. § 3142(c)(1)(B).  Like here, both Rizzuti and Kahn involved defendants who were arrested and charged with one of the enumerated offenses in § 3142(c)(1)(B) after they engaged in online chats with law enforcement officers posing as minors.  As stated, the issue in both cases was whether those cases "involve[d] a minor victim" as used in § 3142(c)(1)(B) of the Bail Reform Act such that the mandatory conditions of pretrial release, including electronic monitoring, applied.

    The Kahn court noted that neither the Adam Walsh Act nor the Bail Reform Act defines the phrase "minor victim."  Kahn, 524 F. Supp.

2d at 1282. The Court looked at the dictionary definitions of "minor" and "victim" and determined that a "'minor victim' is a child harmed by a crime." Id. at 1282. According to the Kahn court, "the plain meaning of the term 'minor victim' does not encompass the undercover detective or her fictitious thirteen year-old daughter. The former, though perhaps a victim, is not a minor. The latter is not a person, and is thus neither a victim nor a minor under the 'ordinary, contemporary [and] common meaning' of those terms." Id. (quotation omitted). Therefore, the Court concluded the mandatory pretrial release conditions in § 3142(c)(1)(B) did not apply. Id. at 1284.

The Rizzuti court respectfully disagreed with that result reached by the Kahn court and concluded that the victim need not be an actual minor victim in order for § 3142(c)(1)(B) to apply. That the defendant intended to commit the crime against a minor was sufficient grounds for the mandatory pretrial release conditions to apply. Rizzuti, 611 F. Supp. 2d at 970-71. In so concluding, the Rizzuti court stated as follows:

> This court respectfully disagrees with the conclusion about Congress's intent reached in Kahn. The court must

consider the words used by Congress to express its intent. United States v. McCall, 439 F.3d 967, 971 (8th Cir. 2006). When the intent of Congress, expressed in the words of the statute, is clear, it should be given effect. Id.  The relevant statutory language is "any case that involves a minor victim under section ... 2422...." Congress did not statutorily define "involves a minor victim" as a unit.  Of particular importance, however, is the fact that in § 3142(c)(1)(B) Congress included a reference to specific statutes to restrict the application of the mandatory conditions of release provision.  By referring specifically to § 2422, Congress included the scope of the illegal activity proscribed by § 2422.  See Dir., Office of Workers' Compensation Programs, U.S. Dep't of Labor v. Peabody Coal Co., 554 F.2d 310, 323 (7th Cir.1977) ("Undoubtedly, Congress may employ a general reference when adopting statutory provisions set out in an independent statute.").  Section 2422 expressly includes "attempt" activity and has been construed by the Eighth Circuit Court of Appeals, agreeing with the reasoning of sister courts, to include conduct directed by defendants unknowingly at undercover law enforcement officers, if the defendant intended to victimize a person under the age of 18. United States v. Spurlock, 495 F.3d 1011, 1013 (8th Cir. 2007), cert. denied, --- U.S. ----, 128 S. Ct. 687, 169 L. Ed. 2d 537 (2007) (citing United States v. Helder, 452 F.3d 751, 756 (8th Cir. 2006)).

     Congress's stated intention in requiring the described conditions of release was to ensure "that children have additional protection 'from sexual attacks and other violent crimes.' Pub.L. No. 109-248, tit. II, 109 Stat. at 611." Gardner, 523 F.Supp.2d at 1029.  More to the point, in 2003, Congress passed the PROTECT Act, 18 U.S.C. § 2252A, aimed at criminalizing the trafficking of child

> pornography. United States v. Williams, ---U.S. ----, ----, 128 S. Ct. 1830, 1835, 170 L. Ed. 2d 650 (2008). In that statute, Congress included the phrase "actual minor" in three different places. 18 U.S.C. §§ 2252A (a)(3)(B)(ii), 2252A (c)(2), 2252A (e). In the Adam Walsh Act, Congress did not use such a phrase. See 18 U.S.C. § 3142(c)(1)(B). Mindful that courts have a "duty to refrain from reading a phrase into the statute when Congress has left it out," this court refrains from inserting the word "actual" before the phrase "minor victim" in the Adam Walsh Act. See Keene Corp. v. United States, 508 U.S. 200, 208, 113 S. Ct. 2035, 124 L. Ed. 2d 118 (1993) ("[W]here Congress includes particular language in one section of a statute but omits it in another [statute within the same title], it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

Rizzuti, 611 F. Supp. 2d at 970-71.

This Court finds the reasoning in Rizzuti more persuasive and in line with the purpose of the Adam Walsh Act's stated purpose. The plain meaning of a statute is conclusive unless literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters. United States v. Balint, 201 F.3d 928, 932 (7th Cir. 2000). The stated purpose of the Adam Walsh Act is "[t]o protect children from sexual exploitation and violent crime, to prevent child abuse and child pornography, to promote Internet safety, and to honor the memory of

Adam Walsh and other child crime victims." 109 P.L. 248, 109 Stat. 587. To accept Defendant's construction of the phrase "involves a minor victim" in § 3142(f)(1)(E) would be demonstrably at odds with the intentions of the drafters. Such a construction would result in a situation where two defendants charged with the same crime, and who pose the same danger to children, would be treated differently based solely on how they were apprehended. In a case involving the charge brought against Defendant, the Government would be able to seek detention of a defendant who was sending obscene material to an actual minor victim, but not a defendant who thought he was sending such material to a minor victim but instead the recipient was a law enforcement official posing as a minor. The Court is in agreement with both Judge Cudmore's and the <u>Rizutti</u> court's conclusion that such a reading of the phrase "involves a minor victim" would lead to absurd results. Therefore, this Court concludes that Defendant is charged with a crime that "involves a minor victim" under § 3142(f)(1)(E) and the Government has the authority to request detention.

Having determined that the Government is authorized to seek detention under § 3142(f)(1)(E), the Court will now conduct an independent analysis of the factors set forth in 18 U.S.C. § 3142(g). "Pretrial detention is allowed only after the court holds a hearing and finds that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" Miller v. Hastings, 87 Fed. Appx. 585, 586 (7th Cir. 2004) (citing 18 U.S.C. § 3142(e)).  Here, neither the Government nor Judge Cudmore considered the risk of flight to be at issue.  Therefore, this Court will focus its attention on whether Defendant is a danger to the community.

The burden of showing Defendant is a danger to the community falls on the Government, and the facts used to support such a finding must be supported by clear and convincing evidence.  Troup, 2012 WL 1301244, at *2.  In determining whether there are conditions of release that will reasonably assure the safety of any other person and the community, the court must consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including–

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

After considering the above factors, this Court concludes that Defendant is a danger to the community and that there are no conditions, or combination of conditions, of release that will assure the safety of the community.  As shown in the Affidavit in Support of Criminal Complaint and Special Agent Eric Bowers' testimony at the detention hearing, the evidence against Defendant shows he

acknowledged engaging in sexually explicit chats with, and sending video of himself masturbating to, a person he believed to be a 14-year old girl. The pre-bail report indicates Defendant has been employed by Ladage Construction but did not believe he would be able to return to work[1], has few financial resources, has several convictions for both driving under the influence and driving on a revoked license, and has one conviction for aggravated driving while intoxicated, suspended or revoked.  Defendant acknowledged transmitting images of himself masturbating to several individuals whom he believed were under 16-years old and that he had engaged in this activity for at least 10 years.  Defendant further acknowledged that law enforcement would find child pornography images he had received via Yahoo Messenger showing underage children either posing naked or engaged in masturbation on his computer.  Finally, Defendant told Bowers that he considered himself to be bisexual and that he has a sexual attraction to both boys and girls, 13 years old and up, but

---

[1] The addendum to the Pretrial Services Report indicates that Defendant's employer, Ladage Construction, indicated Defendant would be able to work on an "as needed" basis, but indicated Ladage Construction would not be able to provide Defendant with steady work.

had never had inappropriate sexual contact with an underage child or met with such a child for that purpose. The addendum to the Pretrial Services Report showed Defendant lives with his mother in a home that they share with Defendant's nephew and his nephew's three-year old son. Finally, Bowers testified that Defendant stated he was glad law enforcement had caught him because Defendant had tried but was unable to stop himself from engaging in the conduct with that formed the basis of the charge. Given this evidence, this Court is convinced that Defendant is a danger to the community and there are no conditions, or combination of conditions, that will assure the safety of the community.

### III.  CONCLUSION

For the reasons stated, Defendant's Motion (d/e 11) is DENIED. Defendant is to remain held without bond.

ENTERED: August 1, 2012

FOR THE COURT:

                                              s/Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                            UNITED STATE DISTRICT JUDGE